IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLLINS,               ) <br> ) <br> Plaintiff,        ) <br> ) <br> v.                              ) <br> ) <br> THE COUNTY OF KERN, et al.,  ) <br> ) <br> Defendants.    ) <br>_____) | CV F 03-6424  AWI TAG <br><br> ORDER REQUIRING PLAINTIFF TO FILE RESPONSIVE PLEADING |

    Pending before the court is Defendants' motion for summary judgment.  When Plaintiff did not file a timely response to Defendants' motion, the court took the motion for summary judgment under submission.  On April 20, 2005, Plaintiff filed a notice of Plaintiff's inability to respond to Defendants' motion.  Plaintiff requests additional time to conduct discovery.

    To the extent that Plaintiff seeks an extension of time to oppose Defendants' motion for summary judgment, the court will construe the request as a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Rule 56(f) provides as follows:

> (f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from

further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). The court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

In the present case, Plaintiff's request for an extension of time to conduct discovery so as to oppose the motion for summary judgment is defective. Initially, Plaintiff has not submitted the required affidavit. Further, Plaintiff has not identified any specific facts he seeks to elicit from further discovery. Plaintiff merely makes a conclusory statement that a witness has just been located. The court finds these unsupported allegations insufficient to support a motion pursuant to Rule 56(f).

Accordingly, Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment, to the extent one is before the court, is DENIED. Plaintiff should file any response to Defendants' motion within ten days of this order's date of service. IT IS SO ORDERED.

Dated:   May 16, 2005                    /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE